DECISION.
{¶ 1} Appellant Steve Ficklin pleaded guilty to and was convicted of aggravated assault, a fourth-degree felony. Ficklin was driving his vehicle behind the car driven by Dana Bowman, an eighteen-year-old female. She was following her boyfriend, who was operating a motorcycle. She refused to let Ficklin pass her on a two-lane road. When Bowman and Ficklin stopped at a light. Ficklin approached Bowman's car. She exited, and he hit her with his fist. A passing motorist pulled him off Bowman. She suffered multiple fractures of the cheekbone and a broken mandible. After accepting his plea, the trial court sentenced Ficklin to a one-year prison term.
{¶ 2} On appeal, Ficklin challenges his sentence, raising two assignments of error. He contends that the trial court failed to properly follow the felony-sentencing guidelines before (1) imposing a prison term and (2) imposing more than the minimum sentence. We agree.
{¶ 3} Under R.C. 2929.13(B)(2)(a), a trial court, before imposing a prison term, must find that to do so is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and that the offender is not amenable to community control. While the trial court did find that Ficklin had caused physical harm to Bowman, consider the factors in R.C. 2929.12, and express its abhorrence at Ficklin's actions, it failed to find that prison was consistent with the purposes and principles of sentencing and that Ficklin was not amenable to community control. A trial court must make a finding that gives its reasons for imposing a prison sentence for a fourth-degree felony.[1]
Because the trial court failed to do so, we sustain Ficklin's first assignment.
{¶ 4} To impose more than the minimum sentence on an offender who has not previously served a prison term, the trial court must comply with R.C. 2929.14(B), which requires it to find on the record that the minimum term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. The Ohio Supreme Court has explained, "[U]nless a court imposes the shortest term authorized by a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence."[2] The court failed to make either of the two requisite findings in this case. Thus, we sustain Ficklin's second assignment.
{¶ 5} In sum, we hold that the trial court erred in imposing a prison sentence and in imposing more than the minimum sentence. Accordingly, we vacate the sentence and remand this cause to the trial court for further proceedings consistent with this decision and the law.
{¶ 6} Sentence vacated and cause remanded.
Sundermann and Winkler, JJ., concur.
Please Note:
[1] See State v. McCoy (Nov. 9, 2001), 1st Dist. Nos. C-000659 and C-000660.
[2] See State v. Edmonson, 86 Ohio St.3d 324, 326, 1999-Ohio-110,715 N.E.2d 131.